Ivan C. McLEOD, Regional Director of the Second Region of the National Labor Relations Board, For and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION 28, AFL–CIO, Respondent.

No. 71 Civ. 1691.

United States District Court,
S. D. New York.

April 29, 1971.

Edwin H. Bennett, N.L.R.B., New York City, for petitioner.

Samuel H. Cohen, Cohn, Glickstein, Lurie, Ostrin, New York City, for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MOTLEY, District Judge.

Petitioner seeks a temporary injunction, pending final disposition of charges before the Second Region of the National Labor Relations Board (NLRB), restraining respondent from engaging in certain conduct believed to be a secondary boycott and from striking in furtherance of what is believed to be a jurisdictional dispute, all in violation of the National Labor Relations Act

(NLRA). (NLRA, as amended, Sections 8(b) 4(i) (ii) (B) and (D), and Section 10(*l*). Respondent, Sheet Metal Workers International Association, Local Union 28, AFL–CIO, is an unincorporated association in which employees participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, etc. It maintains its principal office in New York City and at all times material herein has been engaged in transacting business and in promoting and protecting the interests of its members.

This court finds, based upon the following facts, that petitioner had reasonable cause to believe, and does believe, based upon charges filed with it by the Associated Brick Contractors of Greater New York, that respondent has engaged in the unfair labor practices charged and that a complaint based on these charges should issue. The court also finds that the requested injunctive relief is just and proper in this case.

Respondent represents employees, sheet metal workers, who are presently employed by Federal Sheet Metal Co. (Federal). Federal has a sub-contract with J. T. Falk & Co. Inc. (Falk) for the air-conditioning and sheet metal work on a 35 story office building being constructed on Cortlandt Street in the City of New York, Borough of Manhattan. Falk is also a subcontractor who has a contract with the general contractor, Diesel Construction (Diesel), for the mechanical work (heating, ventilating and air-conditioning) on the Cortlandt Street building. Falk, in turn, subcontracted the air-conditioning and sheet metal work to Federal. Federal's work includes installation of air-conditioning fans in designated areas of the building. Diesel's contract with Falk expressly excludes casings and plenums from the work to be performed. (Petitioner's Exh. 4, p. 2–3, para., 21q). Diesel has subcontracted the masonry work on the Cortlandt Street building to LaSalla Mason Corporation (LaSalla). LaSalla's work includes the construction of block partitions, walls, shafts and the masonry casings enclosing the designated areas in which air-conditioning fans are to be installed. The fans, because of their size, must be installed first, followed by the installation of the casings. LaSalla's employees are represented on the Cortlandt Street job by Bricklayers Local 34, New York, AFL–CIO (Bricklayers).

Respondent claims that its agreement with the Sheet Metal Contractor's Association prohibits Federal from contracting out "Air handling units in excess of 30,000 C.F.M.'s" (Respondent's Exh. A, p. 40). Respondent then claims that the air-conditioning units on the Cortlandt Street building fall into this category, that the casings to be constructed by LaSalla are actually plenums or parts of the air conditioning unit, itself, and not casings. Respondent then claims Federal has, consequently, breached the work preservation provisions of its contract with respondent. (Respondent's Exh. A, p. 40).

But the evidence clearly shows that Federal does not have the casing or plenum work and has not contracted out any of its work.

Since December 1970 when the fans were delivered to the Cortlandt Street building until the present, Federal's employees at the urging of respondent have failed and refused to install the fans in their designated areas. On April 26, Federal's employees ceased work altogether. As a result of this cessation of work, Diesel has suffered financial losses and other workmen have been affected.

Diesel has constructed other buildings in the New York City area using masonry work for the casings which enclose the air-conditioning fans. The Building Trades Employer's Associations recently rendered a decision (August 13, 1970) in a dispute between respondent and the Bricklayers regarding the installation of plenums which provides as follows:

"The installation of masonry materials forming an area used as a plenum is the work of the Bricklayer.

"The installation of sheet metal materials forming an area used as a plenum is the work of the Sheet Metal Workers." (Petitioner's Exh. 2).

Respondent has advised Diesel that it is opposed to the construction of plenums on the Cortlandt Street job in masonry and has demanded that the plenums be redesigned in sheet metal and the work given to its members.

LaSalla's employees are covered by a contract between it and the Bricklayers union. (Petitioner's Exh. 3). The Bricklayers union claims jurisdiction over the construction of the casings or plenums because the casings are to be constructed of masonry.

LaSalla is a corporation which does an annual business of one million to ten million dollars annually, about one million of which is business from outside the State of New York. Diesel is a New York Corporation which is engaged in the general contracting business in the construction field throughout the United States. It derives millions of dollars from such business annually. It has purchased materials in excess of $50,000 for delivery to the Cortlandt Street site from outside the State of New York.

Respondent has no primary labor dispute with either Falk, Federal or Diesel concerning the terms or conditions of employment of their respective employees. Respondent has not been certified as the representative of any of LaSalla's employees. The NLRB has not issued any orders directing LaSalla to bargain with respondent as the representative of its employees. The NLRB has not directed that casings or plenums are within the exclusive jurisdiction of respondent. Respondent's members who are employed by Federal have refused to install the fans, presently refuse to install the fans in their designated place, and have walked off their jobs at the Cortlandt Street building.

Federal has no control over LaSalla or the work to be performed by LaSalla. It has no contract with LaSalla or Falk or Diesel to install casings or plenums. The owner of the building, Helmsley-Spear, and the architect have the ultimate say as to what materials are to be used in constructing the casings or plenums.

The court finds from the foregoing facts adduced upon a hearing on April 26, 1971 that petitioner's belief that respondent has violated Sections 8(b) (4) (i) (ii) (B) is reasonable. The court finds it is reasonable to believe that respondent's actions as set forth above had the ultimate objective of forcing or requiring Federal, Falk and Diesel to cease doing business with each other so that Diesel would be pressured into a cessation of business with LaSalla. The court also finds that as to this claim a temporary injunction requested by petitioner is just and proper. NLRB v. Enterprise Association, 285 F.2d 642 (2d Cir. 1961).

The court also finds that petitioner's belief that respondent has violated Section 8(b) (4) (i) (ii) (D) is also reasonable. The court finds it is reasonable to believe that one of respondent's objectives may be not only to compel various contractors on the job to cease doing business with each other but also to force either LaSalla directly, or Diesel through a change in subcontractors, to assign the construction of plenums to respondent's members instead of to employees not represented by respondent. The court also finds as to this claim the issuance of a temporary injunction is just and proper. NLRB v. Local 25, IBEW, 383 F.2d 449 (2d Cir. 1967).

The court also finds that unless a temporary injunction is issued there will be irreparable injury to Diesel and other contractors involved in this case.

The temporary injunction is issued simultaneously herewith.